[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 20, 2012
JOHN LEY
CLERK

No. 11-13629
Non-Argument Calendar
_____

D.C. Docket No. 2:10-cv-00233-MEF-WC

MARTIN K. RUSSELL,

                                                        Plaintiff - Appellant,

versus

U.S. ATTORNEY GENERAL,
DEPARTMENT OF JUSTICE, BUREAU OF PRISONS,

                                                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(March 20, 2012)

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Title VII requires that "[a]ll personnel actions affecting employees or

applicants for employment . . . in executive agencies . . . be made free from any

discrimination based on race . . . ." 42 U.S.C. § 2000e-16(a). The dispute in this case centers on the choice Darlene Drew, Warden of the Bureau of Prisons ("BOP") prison camp in Montgomery, Alabama, made when she selected Leamon Jenkins to fill a vacant correctional counselor position at the prison camp. Jenkins and four other candidates for the position were on the "best qualified" list the BOP provided Drew. Under BOP procedures, she could either select one of the five on the list or leave the position vacant. She pursued the first option and chose Jenkins to fill the position. Russell Martin, who was on the list, claims that Drew, who is black, chose Jenkins because he is black and rejected him because he is white. In an effort to right his perceived wrong, Martin brought this Title VII action, alleging that Drew, and therefore the BOP, discriminated against him based on his race.[1]

BOP admitted that Martin made out a prima facie case of Title VII liability, but asserted that Martin could not prevail because the reason Drew gave for selecting Jenkins for the position was legitimate and non-discriminatory and Martin could not show that it was a pretext for racial discrimination. The BOP therefore moved the district court for summary judgment. The court granted its

[1] Russell sued BOP, Attorney General Eric Holder, the Department of Justice, and the Bureau of Prisons. We refer to the defendants collectively as BOP

motion and entered judgment accordingly.  Martin now appeals.[2]

Drew chose Jenkins rather than Martin or any of the other candidates on the "best qualified" list because Jenkins was the most qualified.  The choice constituted a legitimate, non-discriminatory reason.  It thus became Martin's burden to prove that the reason was a pretext for illegal discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 1824-2536 L. Ed.2d 668 (1973).  To prove pretext, Martin had to show *"both* that the reason was false, *and* that discrimination was the real reason." *Springer v. Convergys Customer Mgmt. Group Inc*., 509 F.3d 1344, 1349 (11th Cir. 2007) (quotation omitted) (emphasis in the original).  Moreover, the disparity in Martin's and Jenkins's respective qualifications must have been "of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen [Jenkins] over the [Martin]." *Id*. at 1349 (internal quotation

---

[2] We review *de novo* a district court's grant of summary judgment. *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002).  Summary judgment is proper if the evidence shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In determining whether a material issue of facts exists, we consider the evidence in the record in the light most favorable to the non-movant, here Russell. *Reynolds v. Bridgestone/Firestone, Inc.*, 989 F.2d 465, 469 (11th Cir. 1993).  The evidence and factual inferences from the evidence are construed favorably to the party opposing summary judgment. *Id.*  To survive a motion for summary judgment, more than a "mere scintilla" of evidence must support the position of the non-movant; "there must be enough of a showing that the jury could reasonably find for that party." *Brooks v. County Comm'n*, 446 F.3d 1160, 1162 (11th Cir. 2006) (internal quotations and citation omitted).

omitted).

Martin argues, in effect, that no reasonable person standing in Warden Drew's shoes would have chosen Jenkins for the position at issue because, as a result of the motorcycle accident Jenkins suffered, he failed to meet certain physical requirements contained in the job description for the position. Therefore, Martin concludes, he was more qualified than Jenkins. The problem with his argument is that he failed to prove that Drew was aware of either Jenkins's accident or the extent of the injuries Jenkins suffered when she selected him for the position. In short, because Martin failed to show that Drew was aware of a disparity between his and Jenkins's physical qualifications, he necessarily failed to show that her reason for promoting Jenkins amounted to a pretext for discrimination.

The district court therefore did not err in granting BOP summary judgment. Its judgment is, accordingly,

AFFIRMED.